IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHELISA McCONNEYHEAD,

    Plaintiff,

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil Action File No.
3 : 09-CV-43 (CDL)

**RECOMMENDATION**

The Plaintiff herein filed applications for Supplemental Security Income benefits on May 5, 2005; the application was denied initially and upon reconsideration, and the Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 27, 2008. In a decision dated September 26, 2008, the ALJ denied Plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The Plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. This case is now ripe for review under section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the

evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. *Ambers v. Heckler*, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that the Plaintiff had "severe" impairments of peripheral neuropathy and

the Sickle cell anemia trait, but that she retained the residual functional capacity to perform sedentary work activity limited by the need to avoid climbing ladders, ropes or scaffolds, that allows a sit/stand option, and that allows her to avoid extreme heat or cold. The ALJ found that Plaintiff was unable to perform some of her past relevant work (Tr. 18). However, based on testimony from a vocational expert witness, the ALJ determined that there was other work that Plaintiff could perform in the national economy including work as an eye glasses assembler, an information clerk, and a bench hand (Tr. 19, 311, 312).

The relevant medical evidence showed that Plaintiff received treatment from Carole Loughridge, M.D., of Trinity Health Care from November 2004 through February 2005 (Tr. 15, 258-75). Plaintiff presented, in November 2004, with complaints of hands and feet pain (Tr. 15, 269). Arterial studies were ordered and showed mild lower extremity neuropathy (Tr. 15, 271). Plaintiff presented in December 2004 with flu-like symptoms and medications were prescribed (Tr. 15, 267-68). However, the ALJ observed, on follow-up in March 2005, Plaintiff stated that she had no complaints (Tr. 15, 265).

In April 2005, Plaintiff complained of leg cramps and pain and numbness in her hands and arms (Tr. 15, 261). In a August 2005 follow up, Plaintiff continued to complain of these leg cramps and hand and arm pain (Tr. 15, 258-61). The ALJ noted that Plaintiff was admitted to Lake Norman Regional Medical Center, in July 2005, and a bilateral lower extremity arterial Doppler was performed (Tr. 15, 255-57). The findings showed no hemodynamically significant arterial disease down to the ankle (Tr. 15, 256).

Joseph S. Wolyniak, M.D., performed a consultative examination, in July 2005, at the request of the Social Security Administration (Tr. 16, 238-44). Plaintiff was unable to describe her complaints very well, so Dr. Wolyniak correlated information from the primary care notes and

3

Plaintiff's complaints, which were flu-like symptoms with a diagnosis of upper respiratory infection, paresthesias (for which she was prescribed Amitriptyline), the Sickle cell trait, and frequent headaches (Tr. 16, 238). Dr. Wolyniak found Plaintiff's blood count laboratories were normal, but nerve conduction testing revealed a right peroneal motor latency (Tr. 16, 238). Plaintiff's chief complaints were a nerve disorder and having the Sickle cell trait (Tr. 16, 239). Plaintiff stated that, in 2004, she began having bilateral leg weakness and fatigue (Tr. 16, 239). The ALJ noted that nerve conduction studies performed in January 2005 showed that Plaintiff had a nerve disorder, but no etiology or name was known (Tr. 16, 239).

Plaintiff's complaints included bilateral leg and foot pain, which worsened when she was walking, causing her to frequently limp, and dyspnea on exertion (Tr. 16, 239). However, the ALJ observed that Plaintiff stated that she could lift heavy objects, but complained of arm and hand pain, poor circulation, and fatigue (Tr. 16, 239). Plaintiff underwent some physical therapy, but reported that she was not receiving medical treatment at the time of the evaluation (Tr. 16, 239). Plaintiff also reported having the Sickle cell trait, but according to the medical record, Plaintiff never experienced a sickling crisis or chronic anemia (Tr. 16, 239). Additionally, the ALJ noted that Plaintiff did not have hematologic abnormalities and had not experienced a chest crisis (Tr. 16, 239).

The ALJ observed that Plaintiff's physical examination was essentially normal; her heart had a regular rate and rhythm without murmur and her lungs were clear to auscultation; and there were no wheezes, crackles, or respiratory distress (Tr. 16, 241-42). Plaintiff's abdomen had active bowel sounds, with no tenderness, guarding, or organomegaly (Tr. 16, 242). He observed that neurologically, Plaintiff's thought content appeared dull, that her recent and remote memory was intact, and Plaintiff's recall was fair (Tr. 16, 242). The ALJ observed that Plaintiff's pinprick, soft touch, vibratory sense, and tactile discrimination were intact, even on the distal extremities (Tr. 16,

242). He noted that Plaintiff's deep tendon reflexes were plus two and plus four, symmetrically for the upper and lower extremities (Tr. 16, 242). Dr. Wolyniak noted a benign musculoskeletal examination, with one single exception of overall poor muscle mass and tonicity of the musculature (Tr. 16, 242). Plaintiff's gait was not antalgic and she had full and symmetric weightbearing without a wide-based stance (Tr. 16, 242). Plaintiff was able to sit, lie, stand from the lying position, and ambulate without assistance (Tr. 16, 242). The ALJ also noted that Plaintiff was able to heel-toe, squat, and tandem walk (Tr. 16, 242). Dr. Wolyniak assessed progressive fatigue with abnormal neuron-conductive testing (Tr. 16, 242). Dr. Wolyniak opined that, with Plaintiff's low overall muscle mass, consideration should be given an undiagnosed mild form of muscular dystrophy, which could explain her progressive fatigue (Tr. 16, 242-43). However, the ALJ observed that Dr. Wolyniak reiterated that there were no restrictions on her range of motion (Tr. 16, 243). The ALJ observed that Dr. Wolyniak noted Plaintiff's complaints of the Sickle cell trait, but nevertheless stated that Plaintiff did not have the symptoms from the trait (Tr. 16, 243). The ALJ noted that Dr. Wolyniak further stated that to Plaintiff's own knowledge, she had never been anemic or experienced a sickling crisis (Tr. 16, 243).

Plaintiff, who is appearing *pro se*, argues that the record reflects inaccurate information regarding her past work history. However, as the ALJ specifically found that Plaintiff could not perform her past relevant work (Tr. 18), this argument is not relevant.

Plaintiff further argues that she is unable to stand on her feet for long, and becomes tired easily. However, the ALJ took into account the limitations which limited her to the performance of sedentary work with a sit/stand option, the avoidance of climbing ladders, ropes or scaffolds, and the avoidance of extreme heat or cold. (Tr. 16-17).

The ALJ obtained the testimony of a Vocational Expert (VE), who identified several jobs that

a person with Plaintiff's residual functional capacity could perform, including an eye glasses assembler, an information clerk, and a bench hand. (Tr. 19, 311-312).

As noted by the ALJ, none of Plaintiff's treating or consulting examiners have suggested limitations that would preclude the performance of sedentary work. (Tr. 18). See *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998) (absence of activity limitations inconsistent with the ALJ's RFC finding constituted substantial evidence supporting such finding); see also *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005) (absence of activity restrictions constituted substantial evidence supporting the ALJ's RFC finding).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and the correct legal standards, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 11th day of August, 2010.

S//Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd